IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY M.,[1] | ) |
|       Plaintiff, | ) |
| v. | ) No. 19 C 8143 |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security,[2] | ) Magistrate Judge Maria Valdez |
|       Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Kimberly M.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 14] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 18] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

Plaintiff filed a claim for DIB on January 1, 2016 and a claim for SSI on November 13, 2015, alleging disability since January 1, 2015. The claims were denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on July 3, 2018. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On October 31, 2018, the ALJ denied Plaintiff's claims for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claims were analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had engaged in substantial gainful activity from January 1, 2015 to December 31, 2015. However, the ALJ found that there had been a continuous 12-month period during which the claimant did not engage in substantial gainful activity. The ALJ's remaining findings addressed the period Plaintiff did not engage in substantial gainful activity.

At step two, the ALJ concluded that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, osteoarthritis of the bilateral knees (status post-left total knee arthroplasty), and obesity. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal a listed impairment. Before step four, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform sedentary work with the following additional limitations: only occasional stooping, kneeling, crouching, crawling, or climbing ramps or stairs; never climbing ladders, ropes, or scaffolds; avoid concentrated exposure to loud noise and vibration; and use cane to get to and from the workstation.

At step four, the ALJ concluded that Plaintiff would be capable of performing her past relevant work as an administrative assistant, leading to a finding that Plaintiff is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does

3

the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.  JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of

'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir.

5

2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ did not properly support the functional capacity finding; (2) the ALJ erred in evaluating the treating opinion evidence; (3) the ALJ failed to properly assess Plaintiff's symptoms; and (4) the ALJ failed to properly assess Plaintiff's ability to perform her past relevant work.

Pertinent to Plaintiff's fourth argument, as stated above, the ALJ concluded at step four that Plaintiff would be capable of performing her past relevant work as an administrative assistant. The entirety of the ALJ's analysis in support of her conclusion as to step four is as follows:

> The claimant has past relevant work as:
> - Cashier, DOT code 211.462-014, light work with an SVP of 3;
> - Administrative assistant, DOT code 159.157-010, sedentary work with an SVP of 7; and

6

- Companion, DOT code 309.677-010, light work (performed at medium) with an SVP of 3.

> The claimant performed each of these jobs within the last fifteen years, at SGA levels, for long enough to learn the jobs to an average degree. In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds the claimant is able to perform her job as an administrative assistant as actually and generally performed. The vocational expert testified that an individual with the claimant's residual functional capacity could perform the job of administrative assistant. Pursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the Dictionary of Occupational Titles. The undersigned accepts his testimony.

(R. 29.)

As the Seventh Circuit has made clear, in assessing a claimant's ability to perform past relevant work, "the ALJ must specify the duties involved in a prior job and assess the claimant's ability to perform the specific tasks." *Nolen v. Sullivan*, 939 F.2d 516, 519 (7th Cir. 1991). Here, the ALJ erred by not specifically delineating the duties involved in Plaintiff's past job as an administrative assistant nor explicitly evaluating Plaintiff's ability to perform the duties of an administrative assistant. *See Hayes v. Colvin*, No. 17 C 237, 2017 U.S. Dist. LEXIS 186213, at *7-8 (N.D. Ill. Nov. 9, 2017) ("In the instant action, the ALJ provided only a general statement as to the ability to perform past relevant work as a telemarketer, but the ALJ failed to address the specific mental and physical demands that were connected to such a job.") (citation omitted); *Kenefick v. Astrue*, 535 F. Supp. 2d 898, 908-09 (N.D. Ill. 2008) ("Because the ALJ concluded the disability analysis at Step Four by finding that Claimant could return to her past work as a secretary, it was essential for the ALJ to have understood and articulated

7

the specific work the Claimant was performing in her past work.") (citation omitted). The ALJ's error in that respect requires that the case be remanded. *See Rainey v. Berryhill*, 731 Fed. App'x 519, 523 (7th Cir. 2018) (finding remand necessary where "the ALJ failed to do a function-by-function analysis of [the Claimant's] past relevant work"); *Cain v. Astrue*, No. 10 C 6849, 2011 U.S. Dist. LEXIS 146609, at *23 (N.D. Ill. Dec. 21, 2011) ("Here, both the ALJ and the VE described Cain's past work in a generic way and thus, remand is required.") (citation omitted).

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that the RFC is properly supported, the opinions of treating physicians are properly considered, and Plaintiff's symptoms are properly evaluated.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 14] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 18] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**            **ENTERED:**

**DATE:**    **October 1, 2021**            _____
                                                    **HON. MARIA VALDEZ**
                                                    **United States Magistrate Judge**